## C. I. T. CORPORATION v. HANKS.

### No. 2663.

Court of Civil Appeals of Texas. El Paso.
April 21, 1932.

Paul Moss, of Odessa, for appellant.

Dunaway & Tate, of Midland, for appellee.

PELPHREY, C. J.

On February 22. 1929, C. E. Hanks, of Odessa, Tex., purchased from Hill Motor Company, of Midland, Tex., a Hupmobile Cabriolet, motor No. 136669, paying $200 in cash, trading in another automobile at an agreed value of $575, and executed his note for $1,038.50, payable in twelve equal monthly installments of $86.54 each. To further secure said note he executed a chattel mortgage on the automobile purchased.

The note and mortgage were transferred by the Hill Motor Company to appellant. The automobile was later seized by the federal officers of the United States, and thereupon appellant wrote to appellee informing him that he had lost his equity in the automobile, and that it would furnish its attorneys and recover the car for itself. Appellee then called appellant over the phone and proposed to appellant that he would place in any bank agreed upon the balance due on the note, if appellant would permit him to employ attorneys to prosecute a suit against the government in appellant's name for the recovery of the automobile, and, whether appellee was successful in such suit or not, at the termination of same, he would agree that appellant could withdraw the money so deposited from the bank in satisfaction of its note. Appellant replied that it would prosecute the suit against the government in its own behalf and for itself, and again informed appellee that he had lost his equity in the automobile.

The automobile, at the time it was seized by the federal officers, was worth not less than $1,200.

On February 17, 1930, the automobile in question was forfeited by the United States court, western district of Texas, El Paso division, and it was ordered delivered to the collector of customs at El Paso, Tex., for use in the enforcement of the custom laws.

On January 28, 1931, appellant filed this suit in the county court of Ector county against appellee seeking to recover a balance of $432.70, alleged to be due on the note, together with interest and 15 per cent. attorney's fees.

It alleged, in substance, that it was a Maryland corporation with a permit to do business in Texas; that appellee had executed the note sued upon to Hill Motor Company; that he had also executed a chattel mortgage on the automobile to better secure the payment of the note; that subsequently the automobile was forfeited by the United States District Court because it had been used in violation of the Customs' Act (19 USCA § 483), appellant's rights therein and lien thereon being forfeited, lost, and destroyed; that the note sued upon had, before maturity, been sold, transferred, and delivered to it by Hill Motor Company; that appellant had placed said note in the hands of attorneys for collection; and that a balance of $432.70 remained unpaid upon the note, which appellee had failed and refused to pay.

Appellee in his answer admitted the execution of note and mortgage, but alleged that the chattel mortgage provided that, in the event the automobile was repossessed by the holder of the note, it should be sold, and the proceeds of such sale should be applied to the satisfaction and discharge of the note; that the car was seized by the custom officers of the United States or the prohibition enforcement officers, and, under the law, appellant had the right to repossess the same from said officers and did so repossess same; that he had been informed, and believed and alleged, that appellant had repossessed same and disposed of same; that the proceeds therefrom were more than sufficient to satisfy the unpaid balance on said note; that therefore appellee was not indebted to appellant in any amount.

In the alternative he alleged that on or about November 20, 1929, he conversed with appellant over the telephone, in which conversation, appellant agreed to discharge him from any further liability on said note; that appellant advised him that he had no further interest in said automobile; that on or about said date appellant's agent at Midland in-

formed him that he had been advised by appellant to inform him that he had no further interest in the automobile and that he was discharged from any further liability on the note, and appellant would look to the proceeds that might be derived from a sale of the automobile to satisfy the obligation due appellant on the note; and that appellee acted upon the information so imparted to him by appellant's agent, and is therefore discharged from further liability on said note.

Appellant, by supplemental petition, demurred generally to appellee's answer, generally denied the allegations therein, and specially denied releasing appellee, and alleged that the asserted release was not in writing and was void for want of consideration.

Upon a trial before the court judgment was rendered that appellant take nothing, and it has appealed.

### Opinion.

Appellant contends that the judgment should be reversed and judgment here rendered in its favor because of the following reasons: (1) That there was no evidence showing a novation; (2) that appellee pleaded and admitted appellant's right to recover $432.70 on the note; (3) that there is no evidence of a discharge of the liability of appellee on the note; (4) that the discharge alleged by appellee was without consideration; (5) that, by the terms of the mortgage, the unpaid installments became due and payable, upon the seizure of the automobile; (6) that the undisputed evidence shows the appellant recovered nothing in the forfeiture suit; (7) that the evidence shows that the security was exhausted and the balance of $432.70 remained unpaid; (8) that appellant was not obligated to accept conditional payments of the note; (9) that appellant was not obligated to permit appellee to intervene in the forfeiture suit in its name; (10) that it in no way prevented appellee fom presenting any right he had in said suit; and (11) that appellant was entitled to enforce the personal liability of appellee before, after, or concurrently with an action to foreclose the mortgage, or proceed to judgment on the note without reference to the mortgage or security.

Appellee has presented no briefs. The facts agreed to by the parties consist of the note sued upon, the chattel mortgage on the automobile, a certified copy of the judgment in the United States District Court forfeiting the automobile, and the testimony of appellee and the witness Clifford Hill.

Appellee testified that soon after the automobile, upon which plaintiff had a chattel mortgage, was seized by the federal officers of the United States, he received a letter from plaintiff, C. I. T. Corporation, stating that he had lost his equity in the car, upon which the C. I. T. Corporation had a mortgage, and that he had no further equity in the same; that the plaintiff, C. I. T. Corporation, would furnish their attorneys and recover said car for themselves. Upon receipt of such letter, defendant called the plaintiff over long-distance telephone, and proposed to the plaintiff that he would place in any bank agreed upon the balance due said plaintiff on said note in controversy, if the plaintiff would permit him to employ attorneys to prosecute a suit against the government in the name of the plaintiff for the recovery of the car, and whether the defendant was successful in such suit or not, at the termination of same, he would agree that plaintiff could withdraw the money from the bank so deposited in satisfaction of the note in controversy; that the plaintiff in such conversation over long distance again informed the defendant that he had lost his equity in the car, and that the plaintiff would prosecute such suit against the government in its own behalf and for itself; that at the time the government seized the car it was of the reasonable value of $1,200 to $1,400, and that he owed plaintiff something over $400, with no payments being due at the time of the conversation.

Appellee's testimony as to the conversation and the value of the car was corroborated by Hill.

The certified copy of the judgment shows that appellant intervened in the suit in the United States court, and that the judgment of that court was that it take nothing.

It will be seen from the above that the evidence fails to show that appellant repossessed the car and sold it for more than the amount due it by appellee or that appellant's agent agreed to discharge him from any further liability on the note.

The proposal appellee made to appellant, and not agreed to by it, constituted no defense to the action for the balance on the note, and therefore appellant was entitled to judgment as prayed for. Appellant was under no obligation to become a party to a fraud upon the United States court by permitting appellee to sue in its name nor was it obligated to permit appellee to substitute an escrow deposit of the payments to become due for a payment thereof in accordance with the contract.

The judgment of the trial court is therefore reversed, and, the facts being agreed to, judgment is here rendered that appellant recover of and from appellee the sum of $432.70, with interest thereon at the rate of 10 per cent. from October 22, 1929, and 15 per cent. thereon as attorney's fees.

Reversed and rendered.